UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHANNAN WHEELER, et al., | ) |
|                     Plaintiffs, | ) CIVIL ACTION |
| v. | ) Case No.: 4:17-cv-2960 |
| ARKEMA INC., | ) The Hon. Keith P. Ellison |
|                     Defendants. | ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE OPINIONS CONTAINED IN THE EXPERT REPORT OF GARY PAPKE AND THOMAS HAMILTON NOT PREPARED BY THEM**

Plaintiffs pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), submit this Memorandum of Law in Support of Motion to Exclude Opinions Contained in the Expert Report of Gary Papke and Thomas Hamilton because they did not author certain opinions, they were unable to identify who authored the opinions, and were unable to testify under oath about those opinions at their depositions. In support thereof, Plaintiffs respectfully submit the following:

**I.    INTRODUCTION**

Defendant Arkema, designated Dr. Gary Papke and Dr. Thomas Hamilton as real estate appraisal experts to critique the opinion of Plaintiffs' expert Dr. Kilpatrick. Drs. Papke and Hamilton produced an expert report dated September 17, 2021, and titled "Appraisal Review Report and Real Property Appraisal Consulting Report."[1] During their depositions, it became clear that sections of their expert report were not authored, nor prepared by either Dr. Papke or Dr.

---
[1] *See* Exhibit A: Expert Report of Papke and Hamilton.

1

Hamilton. They were unable to accurately identify who authored those opinions.

## II. STANDARD OF REVIEW

"Scientific testimony is relevant only if the expert's reasoning or methodology can be properly applied to the facts in issue, meaning that there is an appropriate fit between the scientific testimony and the specific facts of the case." *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579, 593 (1993). Faced with a proffer of expert scientific testimony, the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to scientific knowledge that will assist the trier of fact to understand or determine a fact in issue. *Id.*

The threshold inquiry in determining whether an individual may offer expert testimony under Rule 702 is whether the individual possesses the requisite qualifications to render an opinion on a particular subject matter. *Wagoner v. Exxon Mobil Corp*., 813 F. Supp. 2d 771, 798 (E.D. La. 2011). Whether a witness is "qualified to testify as an expert is a question of law" and must be proven by a preponderance of the evidence by the proffering party. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir. 2002). While there is no specific process by which a court must assess an expert's qualifications, see *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), some evaluation is needed before a witness can testify as an expert. *Hopkins v. Dow Corning Corp*., 33 F.3d 1116, 1124 (9th Cir. 1994). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods,* 163 F.3d 935, 937 (5th Cir.1999).

Additionally, Fed. R. Civ. Proc. Rule 26(a)(2)(B) states that expert testimony "must be accompanied by a written report, **prepared** and signed by the witness." (emphasis added). Preparation implies involvement other than perusing a report drafted by someone else and signing one's name at the bottom to signify agreement." *Seitz v. Envirotech Sys. Worldwide Inc*., No. CIV.

A. H-02-4782, 2008 WL 656513, at *2 (S.D. Tex. Mar. 6, 2008). "Experts must undertake their own analyses and may not blindly rely on the opinions of others." *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2015 WL 12911530, at *2 (E.D. Tex. Sept. 30, 2015). Furthermore, Federal Rule of Evidence 702 requires experts to base their testimony on "reliable principles and methods." "Experts must undertake their own analyses and may not blindly rely on the opinions of others." *Genband US LLC v. Metaswitch Networks Corp.*, 2015 WL 12911530, at *2 (E.D. Tex. Sept. 30, 2015) citing *In re TMI Litig.*, 193 F.3d 613, 716 (3d Cir. 1999). An expert report is a fundamental pre-trial requirement because it provides the opposing party with notice. *Mobility Workx, LLC v. Cellco P'ship*, 2019 WL 5721814, at *9 (E.D. Tex. Nov. 5, 2019)

### III.   LAW AND ARGUMENT

Dr. Gary Papke and Dr. Thomas Hamilton are being offered as real estate appraisal experts, but do not comply with the standards of the appraisal industry or the requirements of Fed. R. Civ. Proc. Rule 26(a)(2)(B) which requires an expert to produce written report prepared and signed by them. Furthermore, the appraisal industry is governed by the Appraisal Foundation and its Appraisal Standards Board which is a "board that is established to create standards for the appraisal industry.[2]  The Appraisal Standards Board creates and governs the Uniform Standards of Professional Appraisal Practice (USPAP) which represents the generally accepted and recognized standards of appraisal practice in the United States.[3]

USPAP Standards require that the signatories of an appraisal review, like Dr. Papke and Dr. Hamilton, are responsible for everything stated in the report. The USPAP Ethics Rule[4] states that an "appraiser must affix, or authorize the use of, his or her signature to certify recognition and

---

[2] *See* Exhibit B: October 12, 2021 Deposition of Gary Papke at pp. 57:11-15.
[3] *Id.* at pp. 57:16-58:2.
[4] *See* Exhibit C: Uniform Standards of Professional Appraisal Practice (USPAP) 2020-2021 at p. 8.

3

acceptance of his or her USPAP responsibilities in an appraisal or appraisal review assignment (see Standards Rules 2-3, 4-3, 6-3, 8-3, and 10-3). USPAP Standard Rule 4-3(a) explicitly states that "A signed certification is an integral part of the appraisal review report."[5] Furthermore, Rule 4-3(b) requires "[a] reviewer who signs any part of the appraisal review report…must also sign a certification."[6] The Comment to Rule 4-3(b) states "[a]ny reviewer who signs a certification accepts responsibility for all elements of the certification, for the assignment results, and for the contents of the appraisal review report."[7] Both witnesses acknowledged their reports were governed by the standards of USPAP. Although Dr. Papke and Dr. Hamilton were both signatories to the expert report appraisal review,[8] neither of them accepted responsibility for the multiple sections of the report in violation of USPAP standards.

### A. Expert Gary Papke Should Be Excluded from Testifying to Opinions Related to Sections of His Report That He Did Not Prepare

Gary Papke should be excluded from offering testimony on opinions contained in his expert report which he admits to not preparing and testified that someone else who did author it, should testify to those areas. Dr. Gary Papke and Dr. Thomas Hamilton purportedly co-authored an expert report in this case titled "Appraisal Review Report and Real Property Appraisal Consulting Report" and dated September 17, 2021.[9] The expert report consists of four sections with Section Two covering the "Review of the Report of John Kilpatrick, PhD, MAI". Within that section, Dr. Papke was asked by Defense Counsel to "assess the completeness, accuracy, adequacy, relevancy, and reasonableness of analysis performed by plaintiffs' expert, Dr. John Kilpatrick."[10]

---

[5] *See* Exhibit C at pp. 30.
[6] *Id.* at pp. 31.
[7] *Id.* at pp. 31.
[8] *See* Exhibit A.
[9] *Id.*
[10] *See* Exhibit B at pp. 27:15-20.

4

Dr. Papke produced an expert report in this matter in 2017[11] without input from Dr. Hamilton.[12] Dr. Hamilton was brought in to co-author the 2021 report because, according to Dr. Papke, "he brings particular expertise with respect to statistical analysis, assessment processes, those kinds things" which Papke states is "far superior" to his own expertise in those areas since Dr. Hamilton has "professional experience" and Dr. Papke does not.[13] Dr. Papke readily admitted that he is "[n]ot an expert on statistical method" and he would "defer to Dr. Hamilton on that."[14] With respect to "the regression statistics area", Dr. Papke admitted that he "is a student…it's not what [he] do[es] on a daily basis in detail and [he] turn[s] to people like Dr. Hamilton for that."[15] Despite the lack of professional experience and expertise, Dr. Papke testifies that "because we both –signed the report, we both adopt the entire report."[16]

When asked which portions of the expert report he authored, Dr. Papke testified that Sections 2.3, 2.4, 2.5, 2.64, and 2.7 were primarily his work while Sections 2.2 and 2.61 were described as joint ventures.[17] Dr. Papke also testified that Sections 2.6, 2.62, 2.63, 2.8, 2.9, 2.10, 2.10.1, and 2.10.2 were primarily the work of Dr. Hamilton[18] with some collaborative work on Sections 2.10 and 2.9, but that he would defer all detailed inquiry on those Sections of the expert report to the purported primary author Dr. Hamilton.[19] As admitted, Dr. Papke did not prepare the sections of his expert report relating to statistical method and analysis. Dr. Papke also admitted the reason he did not prepare those sections is because he is in fact not qualified as an expert to render

---

[11] *See* Exhibit B at pp. 29:15.
[12] *Id.* at pp. 32:14-16.
[13] *Id.* at pp. 32:17-33:.3
[14] *Id.* at pp. 62:23-63:3.
[15] *Id.* at pp. 132:4-10.
[16] *Id.* at pp. 33:16-21.
[17] *Id.* at pp. 35:1-23.
[18] *Id.* at pp. 35:1-23.
[19] *Id.* at pp. 169:9-170:20.

5

opinions on those particular subjects and thus, he fully defers to his co-author Dr. Hamilton.

Given the foregoing, Dr. Papke should be excluded from testifying as to any sections of the expert report which he did not prepare due to his admitted lack of expertise on the subject matter. Specifically, Dr. Papke should be precluded from testifying as to the opinions contained within Sections 2.6, 2.62, 2.63, 2.8, 2.9, 2.10, 2.10.1, and 2.10.2 of his expert report.

### B. Expert Thomas Hamilton Should Be Excluded from Testifying to Opinions Related to Sections of His Report That He Did Not Prepare

Dr. Hamilton should be excluded from testifying to sections of his expert report which he did not prepare. Dr. Hamilton testified that "[his] portion of the report is primarily in a certain section."[20] Dr. Hamilton identified that he wrote Section 2.8 starting on page 30 and continuing through page 35 of the expert report, as well as Section 2.9 starting on page 44 and continuing through about page 54.[21] Dr. Hamilton also testified that he "edited [Section] 2.6.1".[22] Dr. Hamilton noted that "[t]here may be some other things sprinkled in"[23], but "[t]hat's what …has my fingerprints on it."[24] Dr. Hamilton testified that he did not author any part of and would defer to Dr. Papke with respect to Sections 2.3[25], Section 2.4[26], Section 2.5[27], Section 2.6.1[28], Section 2.6.2[29], Section 2.6.3[30], Section 2.6.4[31], Section 2.7[32], pages 39 through 44 of Section 2.8[33],

---

[20] *See* Exhibit D: October 20, 2021 Deposition of Thomas Hamilton, at 48:16-18.
[21] *Id.* at pp. 48:22-49:5.
[22] *Id.* at pp. 49:19-22.
[23] *Id.* at pp. 49:15-18.
[24] *Id.* at pp. 49:21-22.
[25] *Id.* at pp. 75:5-12.
[26] *Id.* at pp. 75:13-18.
[27] *Id.* at pp. 75:19-21.
[28] *Id.* at pp. 75:22-24.
[29] *Id.* at pp. 75:22-25.
[30] *Id.* at pp. 75:22-25.
[31] *Id.* at pp. 75:22-76:1.
[32] *Id.* at pp. 84:17-23.
[33] *Id.* at pp. 85:9-15.

Section 2.8.2[34], and Section 2.8.3[35]

Dr. Hamilton confirmed that he did not author or prepare any of Section 2.6 of the report and would defer any questions on that Section to Dr. Papke.[36] Dr. Hamilton testified to this despite Dr. Papke testifying the opposite.[37] Dr. Hamilton further responded "I don't know" when asked whether defense counsel provided any "facts, data, or assumptions" for Section 2.6 specifically noting that "[he] did not author this side."[38] Dr. Hamilton also testified that he did not know what data was even reviewed for Section 2.6 of the report.[39] Dr. Hamilton was also entirely unaware of the methodology utilized for Section 2.6 "since [he] did not author it, [he] would not know what the methodology was concluding this."[40] Dr. Hamilton testified that he "relied upon the expert, Mr. Papke, for his knowledge and background in this area."[41] This is remarkable considering Dr. Papke had already testified that Dr. Hamilton was responsible for authoring that very same Section and deferred to him.[42]

When told specifically that Dr. Papke had testified that Hamilton wrote Section 2.8.2 and deferred to him, Dr. Hamilton responded "I – it had to have been – it had to have been Mr. Papke."[43] Here we have a situation where two experts purportedly co-authored an expert report, but both testified that they did not prepare Sections 2.6.2, Section 2.6.3, Section 2.6.4, Section 2.7, pages 39 through 44 of Section 2.8, Section 2.8.2, and Section 2.8.3. This begs the question: who did author these sections of their report?

---

[34] *See* Exhibit D at pp. 117:22-24.
[35] *Id.* at pp. 120:15-19.
[36] *Id.* at pp. 76:2-11.
[37] *See* Exhibit B at pp. 35:1-23.
[38] *See* Exhibit D at pp. 78:13-17.
[39] *Id.* at pp. 78:18-20.
[40] *Id.* at pp. 79:4-12.
[41] *Id.* at pp. 79:11-12.
[42] *See* Exhibit B at pp. 35:1-23.
[43] *See* Exhibit D at pp. 118:4-10.

## **CONCLUSION**

In their depositions, Dr. Papke and Dr. Hamilton both refuse to take agency over Sections 2.6, 2.6.2, 2.6.3, 2.6.4, 2.7, approximately five pages of 2.8, 2.8.2, and 2.8.3 of their jointly authored expert report. Dr. Hamilton admits that he is unfamiliar with the data and methodologies underlying sections while Dr. Papke admits he is not qualified as an expert on those topics. It is unclear whether defense counsel or a non-testifying expert prepared the sections of the report that both Hamilton and Papke denied authoring. However, under Rule 26(a)(2)(B), a party's expert designation "must be accompanied by a written report" that is "*prepared* and signed by the witness" (emphasis added). 'Preparation' in this context requires more than just signing your name at the bottom of a report to signify agreement. As Hamilton and Papke do not even appear aware of who authored these sections, they certainly did not prepare them and should be precluded from opining on them.

**DATED: November 22, 2021**

                                              Respectfully Submitted,
                                              **STAG LIUZZA, L.L.C.**

                                              /s/ Michael G. Stag, Esq.
                                              Attorney in charge
                                              Louisiana State Bar No. 23314
                                              *Attorney admitted pro hac vice*
                                              Ashley Liuzza, Esq.
                                              Louisiana State Bar No. 34645
                                              *Attorney admitted pro hac vice*
                                              One Canal Place
                                              365 Canal Street, Suite 2850
                                              New Orleans, Louisiana 70130
                                              Telephone: (504) 593-9600
                                              Facsimile: (504) 593-9601
                                              mstag@stagliuzza.com
                                              aliuzza@stagliuzza.com

**UNDERWOOD LAW OFFICE, INC.**
/s/ Mark F. Underwood
Mark F. Underwood, Esquire
Texas State Bar No.: 24059341
Southern Dist of TX Bar No. 2601475
2530 West White Avenue, Suite 200
McKinney, Texas 75071
Telephone (972) 535-6377
Facsimile (972) 292-7828
munderwood@underwoodlawoffices.com

**DENNIS SPURLING, P.L.LC.**
s/ Dennis D. Spurling
Dennis D. Spurling, Esq.
Texas State Bar No.: 24053909
Southern Dist. of TX Bar No. 718307
ddspurling@dennisspurling.com
s/ Jeremy V. Axel
Jeremy V. Axel, Esq.
Texas State Bar No. 24073020
Southern Dist.TX Bar No. 1850082
s/ Brian L. Ponder
Brian L. Ponder, Esq.
New York Attorney Registration No. 5102751
Southern Dist. of TX Bar No. 2489894
brian@brianponder.com
J.P. Morgan Chase Building
3003 S. Loop West, Suite 400
Houston, Texas 77054
Telephone (713) 229-0770
Facsimile (713) 229-8444

**THOMPSON BARNEY LAW FIRM**
/s/ Kevin W. Thompson
Kevin W. Thompson, Esquire (W.V. 5062)
*Attorney admitted pro hac vice*
David R. Barney, Jr., Esquire (W.V. 7958)
*Attorney admitted pro hac vice*
2030 Kanawha Boulevard, East
Charleston, West Virginia 25311
Telephone: (304) 343-4401
Facsimile: (304) 343-4405
kwthompsonwv@gmail.com
drbarneywv@gmail.com

**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC**
/s/ Van Bunch
Van Bunch, Esquire W.V. No. 10608
*Attorney admitted pro hac vice*
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Facsimile: (602) 274-1199
vbunch@bffb.com

**LAW OFFICES OF P. RODNEY JACKSON**
/s/ P. Rodney Jackson
P. Rodney Jackson (W.V. No. 1861)
*Attorney admitted pro hac vice*
401 Fifth-Third Center
700 Virginia Street, East
Charleston, West Virginia 25301
Telephone: (843) 780-6879
Facsimile: (304) 345-7258
prodjackson27@yahoo.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that on November 22, 2021, I served a true and correct copy of the foregoing *Plaintiffs' Motion to Exclude Opinions Contained in the Expert Report of Gary Papke and Thomas Hamilton Not Prepared by Them* upon all known counsel of record by email and the Court's ECF electronic filing service in compliance with Federal Rule of Civil Procedure 5 and Local Rule 5.1:

Respectfully submitted by
ATTORNEYS FOR PLAINTIFFS:

**STAG LIUZZA, LLC**

/s/ Michael G. Stag
Michael G. Stag, Esquire, Attorney in charge