United States District Court
Southern District of Texas
**ENTERED**
July 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHANNAN WHEELER, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:17-CV-02960 |
| § | |
| ARKEMA FRANCE S.A., *et al.*, § | |
| § | |
| Defendants. § | |

## **MEMORADUM & ORDER**

This is a class action related to potential chemical exposure from Defendants' chemical processing plant. After many years of litigation, the parties reached a settlement. ECF No. 333. On June 6, 2024, the Court granted final approval of the class settlement and entered final judgment. ECF No. 345. The Court administratively closed this case but "reserve[d] jurisdiction over the implementation of the Settlement Agreement." *Id.* at 20.

Now Plaintiffs move to consolidate this action with two others recently filed in the Southern District of Texas: *Ackerman et al v. Arkema Inc.*, Case No. 4:24-cv-01588 (Hanen, J.) and *Cruz et al v. Arkema, Inc.*, Case No. 4:24-cv-01589 (Bennett, J.). ECF No. 347. Both cases involve claims for monetary damages related to potential chemical exposure from Defendants' facility.

This eleventh hour consolidation effort must be denied. Consolidation with a closed case is generally not permitted. *See, e.g.*, *Pickron v. Lumpkin*, No. 21-3588, 2022 WL 1266297, at *2 (S.D. Tex. Apr. 28, 2022); *Winding v. Sanders*, No. 12-88, 2013 WL 4049521, at *2 (S.D. Miss. Aug. 9, 2013); *Northington v. Abdellatif*, No. 16-12931, 2020 WL 1808538, at *3 (E.D. Mich.

Apr. 9, 2020); *Atl. Research Mkting. Sys., Inc. v. G.G & G., L.L.C.*, 167 F. Supp. 2d 458, 465 (D. Mass. 2001); *Singletary v. Nationstar Mortg., LLC*, No. 14-3204, 2016 WL 1089419, at *2 n.3 (D. Md. Mar. 21, 2016); *McCabe v. Gibbons*, No. 09-244, 2012 U.S. Dist. LEXIS 11782, at *2 (D. Nev. Feb. 1, 2012); *Tormasi v. Hayman*, No. 08-4950, 2009 WL 3335059, at *3 (D.N.J. Oct. 15, 2009); *Luckiewicz v. Potter*, 670 F. Supp. 2d 400, 403 n.2 (E.D. Pa. 2009); *Raiser v. City of Upland*, 516 F. App'x 674, 675 (9th Cir. 2013); *Adelson v. Ocwen Loan Servicing*, LLC, 2020 WL 6580628, at *5 (E.D. Mich. Nov. 10, 2020); *Carroll v. Spearman*, No. 17-862, 2018 WL 2971204, at *2 (E.D. Cal. June 11, 2018); *Bradford v. Brewer*, No. 21- 1413, 2021 WL 6116795, at *1 (E.D. Cal. Dec. 27, 2021); *Woody v. Bureau of Prisons*, No. 05-1055, 2005 WL 1719223, at *1 (D. Minn. July 14, 2005); *Nazario v. Thibeault*, No. 21-216, 2022 WL 633733, at *8 (D. Conn. Mar. 4, 2022); *Caldarone v. Otting*, No. 13-516, 2014 WL 1214024, at *3 (D. Haw. Mar. 24, 2014); *McFadden v. Annucci*, No. 16-6105, 2017 WL 4296272, at *2 (W.D.N.Y. Sept. 28, 2017). Because this case is closed and final judgment has been entered, consolidation is not appropriate.

While this would seemingly resolve the matter, Plaintiffs maintain that, because the Court has continued jurisdiction over settlement, the case is not fully closed. Even if that were the case, consolidation would still not be advisable. Rule 42 of the Federal Rules of Civil Procedure permits a court to consolidate cases if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). If this threshold requirement is met, consolidation is still subject to judicial discretion. *See Wellogix, Inc. v. Accenture, LLP*, No. 3:08-CV-119, 2010 WL 11469762, at *2 (S.D. Tex. Dec. 20, 2010); *see also Hall v. Hall*, 584 U.S. 59, 77 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."). "Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion." *Miller v. United States Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984). Factors often considered in deciding a motion

to consolidate include "(1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately." *Zolezzi v. Celadon Trucking Servs.*, No. H–08–3508, 2009 U.S. Dist. LEXIS 21226, *2–3 (S.D. Tex. Mar. 16, 2009).

The present action, to the extent it is still live, involves only the administration of the class action settlement agreement. The claims brought in *Ackerman* and *Cruz* have nothing to do with the administration of the settlement agreement, suggesting that Rule 42's requirement of a common question of law or fact is not met. Even if this threshold requirement were met, the discretionary factors weigh against consolidation. To be sure, all three cases are pending in the Southern District of Texas and involve a common defendant. However, because the only possible disputes that could arise in the present action relate to the administration of the settlement agreement, judicial efficiency is not served by consolidating this case with two others that are wholly unrelated to the administration of the settlement agreement. The lack of overlapping issues also means there is functionally no risk of inconsistent adjudications, unnecessary repetition, or confusion.

Accordingly, Plaintiffs' Motion to Consolidate is **DENIED**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on July 10, 2024.

_____
Keith P. Ellison
United States District Judge